ADAMS, J.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER D. BELL, | ) | CASE NO. 4:01CV0915 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| KELLEH KONTEH, Warden, | ) | AND ORDER |
| | ) | [RESOLVING DOCS. 127, 143, and 145] |
| Defendant. | ) | |

The Sixth Circuit reversed in part the previous dismissal by this Court of the above-entitled prisoner civil rights case and remanded *pro se* plaintiff Christopher D. Bell's failure-to-protect claim against defendant Khelleh Konteh, Warden of Trumbull Correctional Institution ("TCI"). *Bell v. Konteh*, 450 F.3d 651 (6th Cir. 2006).

This action is before the Court upon the Interim Report and Recommendation (Doc. 140) of a magistrate judge of this Court filed on July 22, 2008.

This action is also before the Court upon defendant's Objections (Doc. 145) to the Order (Doc. 142) entered by the magistrate judge on July 30, 2008.

Plaintiff claims that Konteh failed in his obligation "to protect prisoners from violence at the hands of other prisoners," in violation of the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks omitted); *accord, e.g.*, *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 512 (6th Cir. 2001). As noted in the Sixth Circuit's decision remanding the instant case for further proceedings,

> The first of the two relevant grievances filed by Bell alleged that Konteh "had [Bell] moved to another [u]nit for no justifiable reason"; that Bell's case manager

> informed Konteh that Bell "should not be housed with" certain other prisoners; and that Bell told Konteh that "if this matter is not resolved [Bell] could be in danger." J.A. at 128 (Compl., Ex. kk). The second grievance alleged that Bell's case manager and others "called . . . Konteh and explained that [Bell] should not be moved down to Unit B because of an imminent threat to [his] safety"; that a number of other prisoners "were very upset that [Bell] had" been moved into their unit; that Bell's cellmate warned Bell, "Man these Youngstown dudes don[']t like you and it gonna be some shit, you better watch your back"; and that one day while Bell was sleeping "at least two prisoners [entered his] cell and jumped" him, "punch[ing][him] in the face and head." J.A. at 129 (Compl., Ex. ll).

*Bell*, 450 F.3d at 654.

On August 21, 2007, the matter was referred to Magistrate Judge George J. Limbert pursuant to 28 U.S.C. § 636 and Local Rules 72.1 and 72.2(a). *See* Order of Reference (Doc. 113-2). Konteh subsequently filed a Motion for Summary Judgment (Doc. 127) on the sole remaining claim.

I.  Order on Motion to Withdraw Admissions

On February 5, 2008, the plaintiff sent written discovery requests, including a Request for Admissions, to defense counsel. *See* Doc. 126-2 at 2-4. Defense counsel did not respond to plaintiff's Request for Admissions. Pursuant to Fed. R. Civ. P. 36(a), a party's failure to respond within thirty days means that the request for admissions are deemed admitted by default. On July 24, 2008, defendant filed a Motion to Withdraw Admissions Deemed Admitted or, in the Alternative, to Amend Answers to Request for Admissions. (Doc. 141).

On July 30, 2008, the magistrate judge denied defendant's Motion to Withdraw Admissions. *See* Order (Doc. 142). On August 8, 2008, defendant filed Objections (Doc. 145) to this order. The Court has, therefore, reviewed the Order (Doc. 142) of the magistrate judge

*de novo*. *See* Fed. R. Civ. P. 72(a). The Court has also considered defendant's Motion to Withdraw Admissions (Doc. 141), the memorandum in support of the motion, memorandum in opposition (Doc. 148), and reply memorandum (Doc. 149).[1]

The applicable rule to consider when reviewing the Order (Doc. 142) is Fed. R. Civ. P. 36. Under Rule 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." It is undisputed that this did not occur in the case at bar. Defendant, however, moved for relief from the admissions under Rule 36(b), which provides that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." The rule further states that "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining . . . the action on the merits." *See Donovan v. Carls Drug Co., Inc.*, 703 F.2d 650, 652 (2d Cir. 1983) ("Because the language of [Rule 36(b)] is permissive, the court is not required to make an exception to Rule 36 even if both the merits and prejudice issues cut in favor of the party seeking exception to the rule."), *rejected on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133-34 (1988).

The Court has "considerable discretion" regarding whether to allow the withdrawal of admissions. *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 154 (6th Cir.1997)). Reviewing the standards set forth in Rule 36(b), the first half of the test in Rule 36(b) is satisified

---

[1] Docs. 148, 149, and 152 were filed after the Order (Doc. 142) was entered by the magistrate judge. Doc. 152 was filed without advance leave of Court. Therefore, the Court has not considered plaintiff's supplemental response.

3

"when upholding the admission would practically eliminate any presentation on the merits of the case." *Riley v. Kurtz*, No. 98-1077, 1999 WL 801560, at *3 (6th Cir. Sept. 28, 1999) (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)). The Court finds that allowing the admissions to stand would severely hinder Konteh's ability to defend himself against plaintiff's claim. In light of the fact that decision on the merits is encouraged, by both Rule 36(b) and federal jurisprudence, the Court finds that permitting the defendant to withdraw the admissions would serve this end. *See In re Ullom*, Adversary No. 07-6062, 2008 WL 160974, at *2 (Bank. N.D. Ohio Jan. 15, 2008).

The second part of Rule 36(b) requires the Court to look at the prejudice which would result to the party obtaining the admissions, to wit, the plaintiff. As explained by the Sixth Circuit in *Kerry Steel*,

> "[t]he prejudice contemplated by [Rule 36(b)] is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth." *Brook Village North Assoc. v. General Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982). Prejudice under Rule 36(b), rather, "relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *American Auto.* [*Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*], 930 F.2d [1117 (5th Cir. 1991)] at 1120.

106 F. 3d at 154. The Court notes that Konteh has consistently denied the allegations raised against him, so the plaintiff is fully aware of the defendant's position. *See, e.g.*, Answer (Doc. 13) at ¶ 6. The Court declines to find in plaintiff's favor on the second prong because it concludes that the plaintiff has not shown prejudice of the sort required by Rule 36. Consequently, the Court in its discretion will reluctantly permit the defendant to withdraw the admissions.

II.     Interim Report and Recommendation on Motion for Summary Judgment

The Court has reviewed the Interim Report and Recommendation (Doc. 140) of the magistrate judge *de novo*. The Court has also considered defendant's Objections (Doc. 143). The Court adopts Magistrate Judge Limbert's recommendation to deny defendant's motion for summary judgment, but for reasons different than those articulated in the Report and Recommendation.

The Court finds the magistrate judge properly considered the disputed requests to be admitted at the time of his report. Thereafter, he based his recommendation almost exclusively on that factor. *See* Doc. 140 at 5. It is to be noted that on May 15, 2008, the magistrate judge entered an Order (Doc. 129) that provides "[a]s a result of Defendants' failure to comply with Fed. R. Civ. P. 36(a)(3), Plaintiff's First Request for Admissions (ECF Dkt. #125 at 2-4) are deemed admitted pursuant to Rule 36." *Id.* at 2. Defendant, however, did not file his Motion to Withdraw Admissions until July 24, 2008, which is also after the Interim Report and Recommendation (Doc. 140) was entered on the docket. While this Court certainly does not condone the defendant's failure to timely respond to plaintiff's Request for Admissions or defense counsel's conduct in waiting until after the magistrate judge prepared a report and recommendation before filing the Motion to Withdraw Admissions, the Court does not find that either prevented the plaintiff from utilizing discovery processes to uncover evidence to prove issues for his Eighth Amendment claim. *Warren v. Irvin*, 985 F.Supp. 350, 352-53 (W.D.N.Y. 1997) (summary judgment would not be granted in inmate's favor on civil rights claims based on

5

prison officials' failure to respond to his request for admissions because of strong preference for adjudicating cases on merits).

In light of the Court's decision to allow withdrawal of the admissions, the Court has reviewed the entire record in this matter and finds that genuine issues of material fact exist surrounding plaintiff's failure-to-protect claim against Konteh.  Pursuant to *Farmer*, 511 U.S. 825 (1994), the plaintiff must show that Konteh knew of "a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it."  *Id.* at 847.  The parties disagree as to whether Konteh was aware of the risk to the plaintiff's safety at the time of plaintiff's bed move down to Unit B.  As acknowledged by the magistrate judge,

> Plaintiff has furnished an affidavit from himself, stating that he arrived at TCI in April of 1997 and several prisoners were threatening to kill him.  ECF Dkt. #134 Attach. 1 at 2.  Plaintiff further asserts that he informed a unit manager, the Bureau of Classification, and Bernard Ryznar of the threats.  *Id.*  In May, 1997, the Bureau forwarded his letter to Betty Mitchell, who was TCI's warden at the time.  *Id.*

Konteh, on the other hand, attests

> 5. As the Warden at TCI, I never spoke with Inmate Bell or any members of his family or received any written communications concerning threats made by other inmates.
> 6. Prior to May 25, 1999, I had no knowledge that Inmate Bell claimed to be, or was in danger of being assaulted by another inmate.

Konteh Affidavit (Doc. 137-2).  These issues are sufficient to defeat summary judgment as there remain genuine questions of material fact.  Accordingly,

The Court in its discretion will reluctantly permit the defendant to withdraw the admissions.

6

Defendant's Motion for Summary Judgment (Doc. 127) is DENIED.

IT IS SO ORDERED.

| | |
|---|---|
| September 19, 2008 | */s/ John R. Adams* |
| Date | John R. Adams |
| | U.S. District Judge |