ADAMS, J.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER D. BELL, | ) | CASE NO.  4:01CV0915 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | ORDER |
| KELLEH KONTEH, Warden, | ) | [RESOLVING DOC. 160] |
| | ) | |
| Defendant. | ) | |

This action is before the Court upon plaintiff's Motion for Reconsideration or to Alter or Amend Judgment (Doc. 160).  The Court has reviewed the memorandum in support, memorandum in opposition (Doc. 163), and reply memorandum (Doc. 167).

Motions to reconsider are treated as motions to alter or amend a judgment under Fed. R. Civ. P. 59(e).  *McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 382 (6th Cir. 1991).  In considering such a motion the Court is mindful that the motion is granted only in limited circumstances, and that granting or denying a Rule 59(e) motion is within the informed discretion of the district court, and reversible only upon a showing of abuse.  *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982) (citing *United States Labor Party v. Oremus*, 619 F.2d 683, 692 (7th Cir. 1980)); *see Hopkins v. Coen*, 431 F.2d 1055, 1059 (6th Cir. 1970); *Milwee v. Peachtree Cypress Investment Co.*, 510 F.Supp. 284, 289-90 (E.D.Tenn. 1978).

Plaintiff argues that this Court should alter its Memorandum of Opinion and Order (Doc. 154), entered on September 19, 2008, so as to refuse to allow the defendant to withdraw the admissions. As one court has noted,

> The purpose of a motion to alter or amend judgment under Fed.R.Civ.P. 59(e) is to have the court reconsider matters properly encompassed in a decision on the merits. This rule gives the district court the power to rectify its own mistakes . . . . Generally, three situations justify a district court altering or amending its judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice. It is not designed to give an unhappy litigant an opportunity to relitigate matters already decided, nor is it a substitute for appeal.

*Sherwood v. Royal Ins. Co. of America*, 290 F.Supp.2d 856, 858 (N.D.Ohio 2003) (internal citations and quotation marks omitted).

In this case, the only situation outlined above that may arguably apply is clear error. In an attempt to show clear error, the plaintiff makes the following argument:

> With the defection of the Plaintiff's only witness (Chris Caja)[,] the Plaintiff is extremely prejudiced by the September 19, 2008 ORDER allowing the defendant[ ] to withdraw the February 5, 2008 . . . admissions. The Special Difficulties the Plaintiff is facing is an understatement. The Plaintiff has been crippled by the withdrawn admissions.
>
> There was no formal investigation into the May 26, 1999 assault of the Plaintiff because Plaintiff was intentionally placed in harm[']s way for his filing a March[ ] 1999 grievance against the then WARDEN (Defendant) Kelleh Konteh. On May 26, 1999[,] the Plaintiff was beaten [mercilessly] by unknown inmate assailants. So, even if there were eyewitnesses (which there actually [were])[,] they would be reluctant to come forward in fear of being retaliated against by prison officials. This Court must take into consideration that the Plaintiff was strategically picked up by roaming prison officials on or about May 27, 1999 and placed in segregation where the Plaintiff had no contact with potential eyewitnesses. The defendant Konteh wanted to ensure that the Plaintiff had no opportunity to seek assistance from sympathetic prison officials who might . . . have eventually divulged the true identities of the assailants.

2

The Plaintiff was transferred <u>to Grafton Correctional Institution on June 14, 1999</u>[,] and lost any opportunity he may have had in gathering or inadvertently learning if there were any potential inmate witnesses who witnessed the Plaintiff conversing with the Warden (Defendant) Konteh on or about May 25, 1999.  On or about May 25, 1999[,] Chris Caja [argued] with the Warden (Defendant) Konteh about the mistreatment of the Plaintiff and (more specifically) warned the defendant Konteh not to have the Plaintiff placed in Unit-B.

The [loss] of the Plaintiff's only witness coupled with the [loss] of the admission[s] has placed the plaintiff at a disadvantage and can only be cured if this Honorable court acknowledges the special difficulties the Plaintiff is experiencing by allowing the defendant[ ] to change [his] strategy and withdraw [his] February 5, 2008 admissions.

Doc. 167 at 5-6 (emphasis in original).

The Court adheres to its prior ruling that the plaintiff is not prejudiced by the withdrawal of the admissions in question.  As explained by the Sixth Circuit in *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147 (6th Cir.1997),

"[t]he prejudice contemplated by [Rule 36(b)] is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth."  *Brook Village North Assoc. v. General Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982).  Prejudice under Rule 36(b), rather, "relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *American Auto.* [*Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*], 930 F.2d [1117 (5th Cir. 1991)] at 1120.

*Id.* at 154.  For this reason, a court is more likely to find prejudice when a party seeks to withdraw its admissions once trial on the merits has already begun.  *See, e.g.*, *999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (9th Cir. 1985) ("Had [the defendant] made this argument [that there was no prejudice] while moving for withdrawal of the admission before trial, it would have been more persuasive.").

The only prejudice cited by the plaintiff is "the defection of the Plaintiff's only witness (Chris Caja)."  Doc. 167 at 5.  Plaintiff, however, has the ability to subpoena Mr. Caja for trial.[1] According to the plaintiff, this witness is currently employed at the privately operated Lake Erie Correctional Institution in Conneaut, Ohio.  *Id.* at 8.  Therefore, Mr. Caja is still located within the Northern District of Ohio.  Accordingly,

Plaintiff's Motion for Reconsideration or to Alter or Amend Judgment (Doc. 160) is DENIED.


IT IS SO ORDERED.


 September 4, 2009                              /s/ John R. Adams
Date                                          John R. Adams
                                              U.S. District Judge

---

[1]A trial date has not been scheduled as of yet.

4